Federal Protective Service
**U.S. Department of Homeland Security**
230 South Dearborn, Room 3540
Chicago, IL 60604

**U.S. Immigration and Customs Enforcement**

April 18, 2007

Mr. Clarence B. Tucker, Sr., PLLC
Attorneys and Counselors at Law
615 Griswold Street, Suite 920
Detroit, Michigan 48226

Subject: GSA contract no. GS05P01GCD0009; conversion of prior termination for default to termination for convenience

Dear Mr. Tucker:

This pertains to terminated Contract #GS05P01GCD0009 for the provision of Armed and Unarmed Security Guard Services at GSA owned and supported facilities in the State of Michigan. This also is in response to your Request for Equitable Adjustment (REA) in amount of $4,904,074. The REA is undated but was electronically submitted via facsimile to this office after close of business on August 31, 2005 and a hard copy was delivered via FedEx on September 12, 2005.

The contract was terminated for default on September 28, 2001 based upon anticipatory breach of contract because of the following reasons:

a) Lack of preparation (adequate weapons, uniforms and supplies) to start performance on October 1, 2001;
b) Lack of weapons permits.
c) Lack of State of Michigan license to operate as a security guard business.
d) Refusal to reply to Contractor Officer questions about preparations.
e) Failure to respond to order for additional guards made necessary by the terrorism of September 11, 2001.

Failure to respond to the Cure Notice issued on September 26, 2001.Subsequent to the termination and prior to submission of the REA, NCLN20 sued the Government to convert the termination for default to a termination for convenience. In response to the REA, the Defense Contract Audit Agency (DCAA) was requested to audit NCLN20's claim. The audit concluded that NCLN20 incurred $46,856.00 in expenses leading up to the termination for default. Without admitting any fault on the part of the Government, but acting in what I believe is the sake of fairness, I have decided to convert the termination for default to a termination for convenience. I therefore authorize the payment to NCLN20 of $46,856.00 in accordance with the DCAA audit.

This is the final decision of the Contracting Officer. You may appeal this decision to the Civilian Board of Contract Appeals (CBCA), 1800 F Street, N.W., Washington, D.C. 20405. If you decide to appeal, you must within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the CBCA and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. You may, solely at your election, proceed under the CBCA small claims procedure for claims of $50,000.00 or less or its accelerated procedure for claims of $100,000.00 or less. Instead of appealing to the CBCA, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

ARTHUR S. DOBBS
Contracting Officer

cc:
Mr. Steven Jones, President