**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NCLN20, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 02-1282C** |
| | ) | **(Judge Braden)** |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. The allegations contained in paragraph 2 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, admits that the United States is the defendant in this case; otherwise denies the allegations contained in paragraph 2.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5(a) are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits to the allegations contained in paragraphs 5(b) through 5(e) to the extent supported by the contract GS-05P01-GCD-0009, which is the best evidence of its contents; otherwise denies the allegations contained in paragraphs 5(b) through 5(e). Admits to the

allegations contained in the first sentence of paragraphs 5(f). The allegations contained in the second and third sentence of paragraph 5(f) are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits to the allegations contained in paragraphs 5(g)(i) and 5(g)(ii). Admits to the allegations contained in Paragraph 5(g)(iii) to the extent supported by the memorandum of understanding referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraphs 5(g)(iii). The allegations contained in paragraphs 5(h) and 5(i) are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the Invitation for Bid referenced in paragraph 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter referenced in paragraph 11, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits.

14. Admits.

15. Admits that the Government (GSA/FPS) issued a preliminary notice of award to NCLN20 by letter dated August 24, 2001, but denies the remaining allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Admits the allegations contained in paragraph 16 to the extent supported by the Preliminary Notice of Award referenced in paragraph 16, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits to the allegation contained in first sentence in paragraph 17 that a “kick-off” meeting was held by teleconference on August 29, 2001 with NCLN20 and GSA personnel attending, but denies that this was a “pre-award ‘kick-off’” meeting. Denies the allegation contained in the second sentence of paragraph 17.

18. Admits to all allegations contained in paragraph 18 except the allegation that the meeting was a “pre-award kick-off” meeting, which is denied.

19. The allegations contained in paragraph 19 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the faxed memorandum referenced in paragraph 20, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. The allegations contained in the second sentence of paragraph 20 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegation contained in the third sentence of paragraph 20 for lack of knowledge or

information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation in the fourth sentences of paragraph 20.

21. Admits.

22. Admits.

23. Admits the allegations contained in the first sentence of paragraph 23 to the extent supported by NCLN20's bid referenced in paragraph 23, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 23. The allegations contained in the second sentence of paragraph 23 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the 37-page facsimile referenced in paragraph 24, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits to the allegations contained in the first sentence of paragraph 25. Admits to the remaining allegations contained in paragraph 25 to the extent supported by documents referenced in paragraph 25, which are the best evidence of their contents; otherwise denies the remaining allegations contained in paragraph 25.

26. Denies the allegations contained in the fifth sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

27. Admits.

28. Denies the allegations contained in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28 to the extent that Mr. Dobbs was merely relaying information to NCLN20 from Unlimited Security Inc. Admits the allegations

contained in the third and fourth sentences of paragraph 28 to the extent supported by NCLN20's invoices for equipment and weapons, which are the best evidence of their contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 28. Defendant avers that by September 15, 2001, NCLN20 had ordered some of the equipment required by the terms of the contract, but by that date, there were many more items of equipment that NCLN20 had not purchased. Denies the allegations contained in the fifth sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Defendant avers however that commercial air travel was limited immediately after the terrorist attacks of September 11, 2001. Defendant further avers that land delivery services were available at that time. Denies the allegations contained in the sixth sentence of paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

29. Admits.

30. Denies the allegations contained in the first sentence of paragraph 30. Denies the allegations contained in the second sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

31. Admits the allegations contained in the first sentence of paragraph 31. Denies the allegations contained in the second sentence of paragraph 31. Admits the allegations contained in the third sentence of paragraph 31. Admits the allegations contained in the fourth sentence of paragraph 31 to the extent that Mr. Dobbs informed NCLN20 that he could possibly waive some Federal contract requirements, otherwise denies the allegations contained in the fourth sentence of paragraph 31. The allegations contained in the fifth sentence of paragraph 31 are conclusions

of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Admits. Defendant avers that Mr. Dobbs was very busy responding to post 9-11 matters that day and thus was forced to call Mr. Abercrombia the next day.

33. Denies the allegations contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second and third sentences of paragraph 33 to the extent supported by the e-mail dated September 19, 2001, which is referenced in paragraph 33, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the documents referenced in paragraph 34, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 34.

35. Denies.

36. Admits.

37. Admits the allegations contained in paragraph 37 to the extent supported by the letter NCLN20 received from Mr. Dobbs on September 24, 2001, which is referenced in paragraph 37, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the letter Mr. Jones wrote to Mr. Dobbs, which is referenced in paragraph 38, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40. Admits.

41. Denies the allegation contained in paragraph 41 for lack of knowledge or information sufficient to form a belief as to its truth.

42. Admits the allegations contained in paragraph 42 to the extent supported by the letter NCLN20 received from Mr. Dobbs, dated September 25, 2001, which is referenced in paragraph 42, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to its truth, inasmuch as plaintiff does not specify to whom or when any such denial occurred. Admits the allegation contained in the second sentence to paragraph 43 to the extent supported by the September 26, 2001 letter, which is referenced in paragraph 43, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 43. Admits the allegation contained in the third sentence of paragraph 43 only to the extent that the post-award start-up meeting occurred on August 29, 2007, but denies that Mr. Dobbs was acting inconsistently when referencing this date. Denies the allegations contained in the fourth sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth sentence of paragraph 43. Denies the remaining allegations in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the cure notice referenced in paragraph 44, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Denies the allegation contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to its truth.

46. Admits.

47. Admits the allegations contained in paragraph 47 to the extent supported by the document referenced in paragraph 47, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the documents referenced in paragraph 48, which is the best evidence of their contents; otherwise denies the allegations contained paragraph 48.

49. Admits the allegations contained in paragraph 49 to the extent supported by the May 23, 2003 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the June 10, 2002 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the July 23, 2002 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. The allegations contained in the first sentence of paragraph 52 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, denies the allegations contained in paragraph 52. Admits the allegation contained in the second sentence of paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the monetary claim referenced in paragraph 53, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits.

55. Admits the allegations contained in paragraph 55 to the extent supported by the monetary claim referenced in paragraph 55, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegation in paragraph 56 that Mr. Dobbs converted his decision to terminate for default to a termination for convenience. The remaining allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Admits that in a letter dated July 18, 2007, Mr. Dobbs informed NCLN20 that because of his decision to convert NCLN20's contract termination to a termination for convenience, the funds that were being withheld pending resolution of that matter would be immediately paid to NCLN20 as soon as it submitted updated invoices. Defendant avers that NCLN20 has not submitted updated invoices. The remaining allegations contained in paragraph 57 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. The allegation contained in paragraph 58 is a conclusion of law, and characterization of plaintiff's case, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

59. Defendant incorporates by reference and reasserts its responses to paragraphs 1 through 4 and 26 through 58 of NCLN20's complaint.

60. The allegation contained in paragraph 60 is a characterizations of plaintiff's case, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

61. Admits the allegations contained in paragraph 61 to the extent supported by the requirements procurement request and the contract referenced in paragraph 61; otherwise denies the allegations contained in paragraph 61.

62. The allegations contained in paragraph 62 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69(a) are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the first two sentences of paragraph 69(b). Denies the allegations contained in the third sentence of paragraph 69(b). Admits only that part of the allegation set forth in the fourth sentence of paragraph 69(b) that the audit conducted by Ms. White of the Defense Contract Audit Agency determined that NCLN20's costs were $46,856; denies the remaining allegations contained in the fourth sentence of paragraph 69(b).

70. The allegations contained in paragraph 70 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. The allegation contained in paragraph 72 is a characterization of plaintiff's case, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

73. Denies the allegations contained in paragraph 73(a) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admit to the allegation in paragraph 73(b) to the extent supported by the Court’s docket, otherwise denies the allegations contained in paragraph 73(b). The allegation contained in paragraph 73(c) is a

conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

Denies that NCLN20 is entitled to the relief set forth in the prayer for monetary relief and demand for judgment immediately following paragraph 73 of NCLN20's amended complaint or to any relief whatsoever.

74. Defendant incorporates by reference its responses to paragraph 59 through 69 and 71 through 72 of NCLN20's complaint.

75. The allegations contained in paragraph 75 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied

76. The allegations contained in paragraph 76 are conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

77. Denies.

78. The allegations contained in paragraph 78 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

79. Defendant incorporates by reference its responses to paragraphs 71 through 72 of NCLN20's amended complaint.

Denies that NCLN20 is entitled to the relief set forth in the prayer for judgment against the United States immediately following paragraph 79 of NCLN20's amended complaint or to any relief whatsoever.

Concerning plaintiff’s third and fourth claim for relief, defendant respectfully refers the Court to defendant’s motion for partial dismissal for lack of jurisdiction, filed with this answer.

80. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

81. Plaintiff's claims are barred by the doctrine of payment, insofar as plaintiff has received payment upon its claims and has been fully compensated according to the terms and conditions of the contract.

82. Plaintiff's claims are barred because they have not been certified and presented to the contracting officer.

83. Plaintiff's claims are barred because the contracting officer properly, and in good faith, terminated the contract at issue.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

JOEL MALKIN
General Services Administration
Office of Regional Counsel
Chicago, IL

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988
Attorneys for Defendant

DATED: October 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 26, 2007, a copy of the foregoing **"DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle