# EXHIBIT C

## AFFIDAVIT OF STEPHEN JONES IN SUPPORT OF PLAINTIFF NCLN20, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NCLN20, INC.<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1282C<br>JDG: Susan G. Braden |

## AFFIDAVIT OF STEPHEN JONES IN SUPPORT OF PLAINTIFF NCLN20, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

STATE OF FLORIDA )
COUNTY OF ORANGE )SS.

I, Stephen Jones, being duly sworn, says:

1. I am Stephen Jones, and I have been President of Plaintiff, NCLN20, Inc. ("NCLN20") in this action, since 3/22/90, and make this Affidavit supporting Plaintiff NCLN20, Inc.'s Response to Defendant USA's Motion for Partial Dismissal (i.e., of NCLN20, Inc.'s Third and Fourth Claims for Relief asserted in its First Amended Complaint served herein on 9/21/07) ("Amended Complaint"). I personally conducted or supervised the preparation and submission of NCLN20's bid proposals for the Contract with the USA/GSA/FPS and Monetary claims of 8/31/05, 12/1/05 and 10/26/06 as stated and described in ¶s 5 through 21, 53, 55-57, 61, 63, 82-88 of NCLN20's Amended Complaint. Further, I personally have identified and am familiar with the Exhibits described in and incorporated by reference in NCLN20's Amended Complaint; USA's Status Reports filed 12/05/05 (DA Bates stamped 3 thru 15); NCLN20's Response To Law Clerk's E-Mail dated 3/5/07 and its Response to Status Report and Objections of 12/19/06 (Docket #s 55, 64, 65, 71). Further, I have identified the signatures of Karim Abercrombie, Clarence B. Tucker,

Esq., and my signature that appear on such documentation enumerated above, and monetary damages claims of 8/31/05, 12/1/05 and 10/27/06 and related Demands for Final Decision.

2. The following facts are known by me to be true, of my own personal knowledge. I am competent to testify to such facts and would so testify if I appeared in Court as a witness at the trial on NCLN20, Inc.'s Third and Fourth Claims for Relief.

3. The following facts are relevant to Plaintiff NCLN20, Inc.'s Third and Fourth Claims for Relief alleged in NCLN20's Amended Complaint. Further, I have read and reviewed Defendant USA's Motion for Partial Dismissal, Brief—Statement of the Case, Argument, pages 1 through 6, and CO Arthur Dobbs Declaration dated 10/26/07 and I am familiar with certain of the factual matters stated therein.

4. On 9/30/02, Plaintiff NCLN20, Inc. filed its Complaint for Conversion of Contract #GS05PO1GCD0009 Termination for Default into Termination for Convenience against the USA, Dkt #1. No monetary damages were then sought against the USA. On 1/31/03, Defendant USA filed its Answer, admitting ¶s 1, 11 (part), 12, 15 (part), 17-19, 20 (part), 21, 22 (part), 23-26 (part), 27, 28-29 (part), 30, 31-34 (part), 42-44 (in part), 45, 46-47 (in part), 49-53 (part), 55, 56-65 (part), 67-69 (part), 71-72 (part), 73, 74-79 (part), 82-83 (part), 93 (part), 94 (part), 98-99 (part), 100, 106 (part), 113-114 (in part), 117 (part), 119, 120 (part), 123-124 (part), 132-133 (part) of NCLN20's Complaint, Dkt #8, Exh 34. On 8/19/05, Hon. Susan G. Braden issued a Scheduling Order commanding the parties to submit briefs on the issue of the Court's jurisdiction to render a monetary judgment over NCLN20's unfiled alleged monetary bad faith breaches of contract claims against the USA, Dkt #s 50-52.

5. On 8/31/05, NCLN20's counsel, Malyszek & Malyszek, submitted NCLN20's certified monetary claims for a request for equitable adjustment ("REA"), seeking anticipatory lost profits damages claims for bad faith breaches of contracts for $4,904,074.00, to Contracting Officer Arthur S. Dobbs for a Requirements Contract #GS05P99GCD0005 with the USA/FPS for the performance of Alarm Monitoring and Operations of Public Safety-Related Telecommunications and Security Systems at the GSA's/ FPS's "Mega Center" in Battle Creek, Michigan; Amended Complaint, ¶s 3, 5(a),

53, 82, 83, 84 and Binder 2, Exh N; Binder 3, Exhs 3, 6, 7; Binder 4, Exhs 84, 87, 88; and for a Requirements Contract #GS05PO1GCD0009 with the USA/FPS for the performance of Armed and Unarmed Uniform Security Guard Services in Michigan, Amended Complaint ¶s 3, 5, 6-21, 53, 61, 62; Binder 3, Exhs 77, 7, 3; Binder 4, Exhs 84, 85. NCLN20's REA of 8/31/05 monetary claim for bad faith breaches of contracts of $4,904,074.00, included **"Cost of Money Damages--$390,392.00 "when the Government pulled money out of NCLN20's account**" on the Mega Center Contract-Battle Creek, Michigan and **"Actual Damages Costs of Battle Creek Contract"--$306,419.00 for "damages and loss of profits**". Amended Complaint, ¶s 82, 87, 90, 92, 95; Binder I; Binder 3, Exhibits 56, 57, 3; Binder 4, Exhs 86, 82, 84 ("Malyszek & Malyszek's [NCLN20's then counsel of record] letter to CO Dobbs of 12/1/05 in response to ACO Roger Pinnau's letter of 10/7/05 and 11/21/05 [Binder III, Exhs 51, 52] regarding NCLN20's 8/31/05 REA, which also included an itemized breakdown of NCLN20's statement of its monetary amount of damages claim, attached substantiating invoices and a statement of the basis of NCLN20's REA and a request for a final decision, Binder IV, Exh 84). These certified monetary claims specified the relief desired and the justification therefor, including the amounts requested.

6. CO Dobbs acknowledged receipt of NCLN20's REA of 8/31/05 on 9/12/05. Amended Complaint, ¶s 2, 53, 56; Defendant's Status Report 4/23/07, Exhibit C, RFJN ¶ 11, Dkt # 55; Binder 4, Exhs 82, 83; Defendant's Status Report 4/23/07, with attached Decision and Findings/ Determination of CO Dobbs, page 7 of 9 ("**This was done in a request dated August 31, 2005 resulting in a Request for Equitable Adjustment based upon breach of contract damages due to the Contracting Officers actions. Damages were divided into (1) anticipated profits, (2) cost of money damages** ***_ **After I rejected the claimed damages** ***." [emphasis added]).

7. On 9/23/05, Hon. Braden conducted a Status Conference by telephone, during which the Court noted that: (a) the Government contended that CO Dobbs 9/28/01 Notice of Termination for Default ("T4D") is not a final decision for purposes of NCLN20's monetary damages claims; (b) NCLN20 hadn't sought monetary damages in its pending complaint; (c)

NCLN20 needed to file a certified claim with the CO for its monetary damages;(d) NCLN20 had already filed its monetary damages claim with CO Dobbs; (e) the USA/CO Dobbs had 60 days from the date of filing NCLN20's monetary damages claim with CO Dobbs to render his final decision. Transcript of proceeding of 9/23/05, pages 4 through 11, Dkt #55. By order filed 10/3/05, Judge Braden ordered this action to be stayed pending a final decision by CO Dobbs on NCLN20's pending REA. Amended Complaint, ¶54; Exh 2. This Order reads:

> **"Pursuant to the court's order of August 19, 2005, the parties submitted briefs discussing the Court's jurisdiction in this case. In their briefs, the parties agreed that this Court, although possessing jurisdiction to issue declaratory relief, does not possess jurisdiction to award the Plaintiff damages because the Contract Disputes Act requires a final decision by a contracting officer on a claim as a prerequisite to jurisdiction. See 41 U.S.C. § 605(a) (2005); 41 U.S.C. §a)(3) (2005). On August 31, 2005, however, Plaintiff submitted a certified claim to the contracting officer seeking monetary relief in the form of an Request for Equitable Adjustment ("REA").** (Emphasis added).
> **"At a teleconference on September 23, 2005, the parties indicated that the REA could have an affect upon the motions pending before the court. For that reason, the court orders this case stayed pending a final decision by the contracting officer on Plaintiff's REA. The Government is ordered to file a status report with the Court on December 5, 2005, as to the status of the contracting officer's decision.**" (Emphasis added).

8. Due to my inquiry and at my direction, on 2/20/07, NCLN20, Inc.'s counsel of record, Clarence B. Tucker, Sr., Esq., wrote a letter to Defendant USA's counsel, Douglas Mickle, Esq., DOJ, among other things, stating:

> **"Despite the mandates of 41 USCS § 605(a)(2)(A), (B), the submission of NCLN20's aforementioned Certified Restated, Modified and Amended Claims on 10/27/06, together with its Final Demand and the USA's Status Report of 12/1/06, CO Dobbs has failed and refused to issue a decision or notify NCLN20 of the time within which a decision will be issued. Consequently, NCLN20, Inc. is entitled to regard CO Dobbs' failure to issue a decision within 60 days of 10/27/06 as a denial of its aforesaid Claim. See, e.g., Aerojet Gen. Corp., (1995) ASBCA 95-1 BCA ¶ 27470; DHR, Inc., (1987 EBCA) 88-1 BCA ¶ 20451.**" See Exh B to Plaintiff NCLN20's Response to the Law Clerk's E-Mail Dated 3/5/07 Requiring Update on Status of the DCAA Audit and Response/Objection to Defendant USA's E-Mail Dated 3/17/07 re "Status of DCAA Audit", Dkt # 65.

9. Also, in Plaintiff NCLN20's Response to the Law Clerk's E-Mail Dated 3/5/07, Dkt # 65, NCLN20 again notified Defendant USA "to regard CO Dobbs failure to issue a decision within 60 days of 10/27/06 as a denial of its 10/26/06 Amended Claims". Id.

10. (a) On 10/27/06, Plaintiff NCLN20, Inc.'s counsel Clarence B. Tucker, Sr., Esq. submitted to CO Arthur S. Dobbs its Certified, Restated, Modified and Amended Claims for Monetary Damages for $4,164,518.00 plus pre-judgment interest of $518,632.00 and attorney fees and costs of $368,048.00 for bad faith breaches of contract dated 10/26/06, together with additional substantiating data (Appendix—Exhibits 1 through 81 and Exhibit Binders 1, 2, 3, 4 and 5, Dkt #s 64, 71) and Memorandum of Authorities, Certification of claims dated 10/26/06 by Stephen Jones, President of NCLN20, Inc., Certificate of Service and Requests for Final Decision signed by NCLN20's counsel of record and its President, Stephen Jones, requesting that CO Dobbs issue his final decision within sixty (60) days. See Tucker attached Affidavit, ¶ 22.

(b) In summary, Plaintiff NCLN20's Amended Certified claims submitted to CO Dobbs on 10/27/06 sought monetary damages for Defendant USA's bad faith

*BREACHES OF CONTRACTS, namely*

| Description | | SUPPORTING DATA | | TOTAL DAMAGES |
|---|---|---|---|---|
| Anticipatory Lost Profits on Federal Protective Services (State of Michigan) Contract-GS05PO1GCD0009 | (A) | Schedule 3 | $ | 3,924,591 |
| **Anticipatory Lost Profits on Battle Creek Mega Center Contract (6 Month Extension)**-GS05P99GCD0005 | (B) | Exhibit N | | 67,009 |
| **Unpaid Battle Creek Contract Invoices** | | Schedule 11 | | 97,775 |
| **Underpaid Battle Creek Contract Invoices** | | Schedule 12 | | 75,143 |
| Attorney's Fees | (C) | Schedule 13 | | 368,048 |
| Damages Before Interest | | | $ | 4,532,566 |
| Prejudgment Interest (Cost of Money) to 9/30/06) | | Schedule 2 | | 518,632 |
| TOTAL DAMAGES TO 9/30/06 | | | $ | 5,051,198 |

NOTE:

(A) GSO5PO1GCD0009 is the reference number for the U.S. General Administrative Services Federal Protection Service Invitation for Bid ("IFB").

(B) Supporting data is contained within the NCLN20 Cost Proposal, Exhibit N. GS05P99 GCD0005 is the contract number for the 6-month extension of Alarm Monitoring & Operation of public Safety-Related Telecommunications & Security Systems at the Battle Creek Mega Center.

(C) See Attorney's Fees Schedule (Schedule 13). Additional fees have been and will continue to be incurred related to the ongoing matter and this amount is subject to change. See Binder I, Schedule I.

(c) In the CONCLUSION of NCLN20's aforesaid Certified, Restated, Amended Monetary Claims, it requested that CO Dobbs review its claims and "issue a final decision under the Disputes Article of the Contract, FAR 52.233-1." Id. at page 24. Accord, Request for Final Decision dated 10/26/06; Exhs 3, 3A. See 1st Amended Complaint, ¶s 55, 57, 86 through 88, 95, 100(d), 102 and the cited Exhibits and Binders.

11. (a) On 4/18/07, CO Dobbs issued a Final Decision based on purported Findings dated 4/13/07, denying Plaintiff NCLN20's monetary claims submitted to CO Dobbs on 8/31/05, 12/1/05 and 10/27/06. Exhs 42, 83.

(b) In his Final Decision of 4/18/07, Exh 82, CO Dobbs stated

> **"This pertains to terminated Contract #GS05PO1GCD0009 for the provision of Armed and Unarmed Security Guard Services at GSA owned and supported facilities in the State of Michigan. This also is in response to your Request for Equitable Adjustment (REA) in amount of $4,904,074. The REA is undated but was electronically submitted via facsimile to the office after close of business on August 31, 2005 and a hard copy was delivered via FedEx on September 12, 2005.**
>
> * * *
>
> **In response to the REA, the Defense Contract Audit Agency (DCAA) was requested to audit NCLN20's claim. The audit concluded that NCLN20 incurred $46,856.00 in expenses leading up to the termination for default. Without admitting any fault on the part of the Government, but acting in what I believe is the sake of fairness, I have decided to convert the termination for default to a termination for convenience."**
>
> * * *
>
> **This is the final decision of the Contracting Officer... *** Instead of appealing to the CBCA, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision."** (Emphasis added).

(c) In his Determination and purported Findings dated 4/13/07, Exh 82, CO Dobbs stated:

> **"The lawsuit was filed prior to exhausting all available administrative procedures and led the Government to point out to NCLN20 that it had failed to submit a claim to establish damages. This was done in a request dated August 31, 2005 resulting in a Request for Equitable Adjustment based upon breach of**

> **contract damages due to the Contracting Officer's actions. Damages were divided into (1) anticipated profits, (2) cost of money damages, actual damages and legal fees. After I rejected the claimed damages, an independent audit was ordered from Defense Contract Audit Agency (DCAA) which was conducted in March, 2007. The DCAA review concentrated upon credits for returned items that had been disclosed, leased vehicles that had been returned for credit, and other costs not disclosed in their submitted data.**
>
> * * *
>
> **Further, any payments associated with an expired NCLN20 contract for alarm dispatch services at the Battle Creek Mega Center, which expired on September 30, 2001, continues to be on hold regarding close out transactions because this T4D will be released**." (Emphasis added).

See First Amended Complaint, ¶s 56, 57 and cited Binder and Exhibits, Dkt # 71.

12. CO Dobbs did not within 60 days of receipt of NCLN20's 8/31/05, 12/1/05 and 10/27/06 Certified Monetary Claims either issue a decision or notify NCLN20 as to when a delayed decision would be issued. Further, CO Dobbs failed to issue a decision within a reasonable time as required by 41 USC § 605(c)(2) and (c)(3).

13. (a) In accordance with CO Dobbs final decision of 4/18/07 (and 41 USC § 609(a)(1), (3), Plaintiff NCLN20, Inc. served its action for monetary damages in this Court on 9/21/07. See Docket # 71 and Plaintiff NCLN20's First Amended Complaint of 9/21/07.

(b) Prior to 8/31/05, Plaintiff NCLN20 attempted to negotiate a settlement of its monetary claims against the USA with its of-record counsel, without success. See e.g., Docket #s 11, 28, 20; NCLN20's Request to Take Judicial Notice ("RFJN"). Further, after 10/27/06, Plaintiff NCLN20 requested and attempted to settle its Third and Fourth claims asserted in its First Amended Complaint of 9/21/07, without success.

(c) The USA, through CO Dobbs, since 9/27/01, commenced disputing NCLN20's anticipated monetary claims by stating:

> "**A portion of a contract's final payments are typically withheld, pending review by your company and GSA. Please anticipate this withholding until the final contract payment is agreed upon by both parties and a release of claims is signed by you and provided to me.**" (Exh 21).

By letter dated 10/16/01, Stephen Jones, President of Plaintiff NCLN20 demanded payment of Invoices 3461-64 for $38,785.98, $38,785.98 and $20,203.33 and protesting the GSA's

withdrawing its payments to NCLN20 for these invoices on 10/11/01, but withdrawing the payments on 10/12/01. Exh 56. Also, see Karim Abercrombie's letter dated 10/16/01 to CO Dobbs further demanding payment of $75,142.20 due to "computation problems with the spreadsheets" and expressly or impliedly requested that CO Dobbs make decisions as to NCLN20's entitlement. (Exh 57). Further, see Schedules 11, 12, Exhs K, L, I; CO Dobbs letter dated 7/18/07 to Plaintiff NCLN20's counsel, affirming the USA/GSA's **"withholding of payments [on the Mega Center Contract GS05PO1GCD0001] on the completed Contract GS05P99GCD0009(sic)" "due to the termination for default (T4D dated September 28, 2001"**, falsely claiming that "**NCLN20 was liable for re-procurement costs on the Michigan Security Guard Contract until April 18, 2007**." See the USA's evasive and false 3/3/04 answer to Plaintiff NCLN20's Interrogatory 30, page 44, as sworn to by CO Dobbs and ACO Pinnau, Exh 44, Dkt # 71; Defendant's Brief dated 8/30/05 at page 2, Joint Preliminary Status Report of 3/24/04. On 11/14/07, Plaintiff NCLN20 submitted to CO Dobbs a Limited Release of Claims for Contract GS05P99GCD0005, on GSA Form 1142 (provided to NCLN20 by the USA's counsel), with the exceptions listed on a Rider thereto, with new Invoices attached. On 11/16/07, ACO Roger Pinnau sent an e-mail to GSA's counsel Douglas Mickle, DOJ, submitting two (2) forms of Release of Claims—DHS Form 0700-03 and GSA Form 1142—and falsely asserting that NCLN20's claims were not "CDA claims" and that NCLN20 was not entitled to payment of interest".

(d) On 11/16/07, Douglas Mickle forwarded Pinnau's e-mail to NCLN20's counsel, Clarence B. Tucker Sr., Esq., first asserting that "**a claim for interest is not due upon the Mega Center claims as the United States has only waived its sovereign immunity for contracts that were submitted pursuant to the CDA. The invoices are routine payment requests and are not considered format CDA claims.**"

(e) NCLN20's Limited Release of Claims submitted to CO Dobbs on 11/14/07, was prepared in accordance with G-8 552. 232-72 Final Payment of the Contracts, and specifically excepted the stated claims.

(f) The USA/GSA/CO Dobbs continue to dispute NCLN20's monetary claims alleged in its Third and Fourth Claims for Relief asserted in its First Amended Complaint served 9/21/07, in that:

(i) CO Dobbs rejected "these damages claims" on 4/18/07, Exh 83 and denied any liability therefor;

(ii) On 1/30/02, ACO Pinnau denied liability on NCLN20's said monetary claims, Exh 58;

(iii) Dispute repeated demands for payment of these monetary claims, except for the conditional and limited offer of settlement of part of NCLN20's claims as stated in CO Dobbs' letter of 7/18/07 and ACO Pinnau's e-mail 11/16/07, the USA has refused and failed to admit liability and pay these monetary claims. See First Amended Complaint of 9/21/07, ¶s 57, 86, 87, 88, 90, 92(e), (f), 100(d), (e), (f) and the cited Binders and Exhibits. Dkt #71.

(iv) In Plaintiff NCLN20's Third Claim and Fourth Claims for Relief (1st Amended Complaint of 9/21/07), it seeks monetary damages for (I) payment of interest, 41 USC § 611; (II) reasonable attorneys fees, costs and expenses; (III) anticipatory breach of contract compensatory damages of $239,929.00, all of which the USA/GSA have DENIED. See the USA's Answer to Plaintiff NCLN20's Amended Complaint, ¶s 64(a), (d), 69(b), 76(a), Dkt # 72.

(v) The USA/GSA did not act upon NCLN20's Third and Fourth Claims for Relief within a reasonable time (i.e., from 10/2001 to 4/18/07 or 9/21/07).

14. On 12/1/05 and 10/27/06, Plaintiff NCLN20 fully complied with ACO Roger Pinnau's requests for additional documents to support the claims asserted in its REA of 8/31/05 and restated, supplemented and modified monetary damages claims of 10/27/06. See Pinnau's letters of 10/7/05 and 11/21/05, Binder III, Exhs 51 & 52 and Plaintiff NCLN20's supplement of 12/1/05 to its 8/31/05 REA and its Certified Amended, Restated/ Modified Monetary Claims of 10/27/06, together with Binders I, II, III, Schedules I through XIII, Exhs A-R, and Exhibits 1 through 81, Dkt #s 64, 71. In fact, Defendant USA/CO Dobbs failed and refused to audit or review NCLN20's monetary claims for bad faith

breaches of contract monetary damages, etc. The USA/GSA/FPS/CO Dobbs repeatedly misrepresented to this Court and NCLN20 that it would do and had done so. USA Status Reports, Dkt #s 55, 58-61, 66-67. In issuing his final decision of 4/18/07, CO Dobbs failed and refused to address NCLN20's monetary bad faith breach of contract damages claims. Refer to Pinnau's letter of 10/7/05 and 11/21/05, Binder III, Exhs 51,52; Defendant USA's Status Reports dated 3/5/05, 9/5/06, 12/1/06, 3/30/07 and 4/23/07 (USA Status Reports, Dkt #s 55, 58-61, 66-67) and Plaintiff NCLN20's Response and Objections to Defendant's Status Reports of 12/1/06; Plaintiff NCLN20's Response to Law Clerk's E-Mail dated 3/5/07 Requiring an Update to the Status of the DCAA Audit and Response and Objections to Defendant's E-Mail letter of 3/29/07 to ACO Pinnau re Litigation Support Request for REA (Dkt #s 64, 65); Clarence B. Tucker, Sr., Esq. E-Mail to DCAA/White dated 3/12/07 in reply to their 3/9/07 E-Mail; DCAA/White's E-mail 3/20/07 to Clarence B. Tucker (Dkt # 65). In fact, the USA/GSA/FPS/CO Dobbs never requested an **"audit of Plaintiff NCLN20's 8/31/05 REA claimed monetary damages of $4,904,073"** or its 10/27/06 Amended Claims Monetary Damages of $4,164,518, plus pre-judgment interest of $518,632 and attorneys fees, expenses and costs of $368,048. To the contrary, DCAA/White was only authorized to conduct their "review" of "items purchased" by NCLN20 which "related to" Contract No. GS05Po1GCD0009 (i.e., so-called start-up net costs). Id. White's letter of 3/29/07 to Pinnau. However, Defendant USA/GSA/FPS/CO Dobbs had actual knowledge of NCLN20's monetary claims for "start-up net costs" related to Contract #GS05PO1GCD0009 in its 8/31/05 REA, as supplemented 12/1/05 and as Restated, Supplemented and Modified on 10/26/06. Compare Binder III to Plaintiff NCLN20's Amended Complaint, 3, 84, 86, Exhs 55, 56, 57 and amended claims of 10/26/06 (Binder 3, Exh A). Dkt #s 64, 71. Although the USA/GSA/FPS/CO Dobbs/ DCAA/White received NCLN20's supplemented monetary claims, substantiating data on 11/1/06, they neither audited nor reviewed NCLN20's compensatory and consequential monetary damages claims of $4,164,518, or these supporting materials (with the exception of NCLN20's Start-Up Performance Summary and Documentation Binder Tabs A-J, Exh 81). See also Exhibit I, Schedules 1-13 Breaches of Contracts Damages Summary. Dkt #s 71, 55.

15. I have identified and am familiar with the documentary exhibits incorporated herein by this reference, and described in ¶ 17(d), (f), (g), (o) below and ¶12 above (Demands for Final Decisions and Monetary Claims/REA dated 8/31/05, 12/1/05 and 10/26/06).

16. I have identified and recognize my signature that appears on the specified documents described and enumerated in ¶ 14 above.

17. The documentary exhibits described herein and below and incorporated herein by this reference are true and correct originals or copies of originals of:

(a) ACO Roger Pinnau's e-mail dated 11/16/07 to Douglas Mickle, Esq., DOJ, with Attachments 1 and 2

(b) Douglas Mickle's e-mail dated 11/16/07 to Clarence B. Tucker, Esq., with Attachments 1 & 2

(c) ACO Roger R. Pinnau's letter dated 10/22/07 to Clarence B. Tucker, Esq., with attached CO Dobbs letter dated 7/18/07 to Clarence B. Tucker, Esq.

(d) Clarence B. Tucker's e-mail dated 11/14/07 to CO Dobbs, together with NCLN20's signed Limited Release of Claims (GSA Form 1142), Rider and 4 New Mega Center Invoices

(e) Transcript of proceedings dated 7/10/07 in the above-captioned case, comprising 14 pages

(f) NCLN20, Inc./Stephen Jones claims/demand letter of 10/16/01 to CO Dobbs regarding Contracts GS05Po1GCD0001/5, with attachments

(g) NCLN20, Inc./Stephen Jones claim/demand letters to CO Dobbs dated 10/16/01 with attached three (3) Invoices, Dobbs letter of 9/27/01 and Citibank account print out dated 10/15/01

(h) Karim Abercrombie/NCLN20, Inc. letter dated 10/16/01 to CO Dobbs, together with monthly problem breakdown

(i) Doug Mickle, Esq. e-mail dated 11/16/07 to Clarence B. Tucker, Esq. re Release of Claims, with attachments

(j) Roger Pinnau e-mail dated 1/30/02 to Karim Abercrombie regarding NCLN20's payment of claims described in reply to Karim Abercrombie e-mail regarding "claim for monies and result of six months of under billing"

(k) Defendant USA's Status Report dated 4/23/07, with Attachments Exh 1—CO Dobbs final decision letter dated 4/18/07, Exh 2—CO Dobbs Determination and Findings dated 4/13/07; Exh 4—DCAA Final Audit Letter dated 3/29/07 with attached Matrix and Purchase Items

(l) DCAA/Doris M. White's letter dated 3/20/07 to Clarence B. Tucker, Esq.

(m) Defendant USA's Status Report dated 12/1/06

(n) Clarence B. Tucker's transmittal letter of 10/27/06 to Doris White/ DCAA, submitting NCLN20's Amended REA Breach of Contracts Damages Claims, with attachments, Certificate of Service and Request for Final Decision

(o) Clarence B. Tucker's transmittal letter of 9/27/06 to CO Dobbs, submitting NCLN20's Certified, Restated, Amended Claims for Monetary Damages, Request for Final Decision, with Certificate of Service, Appendix of Exhibits, Exhibit Binders I and II. Dkt # 71

(p) Douglas Mickle E-mail dated 3/03/06 to Clarence B. Tucker re NCLN20's objection to Defendant's Status Report, with request for substantiation of NCLN20's "claim for lost profits"

(q) Defendant USA's Status Report dated 3/3/06, wherein Douglas Mickle admitted that NCLN20's 12/1/05 letter to CO Dobbs "claimed $4,904,073 damages *** based upon anticipated profits and <u>cost of money damages</u>" (Emphasis added)

(r) Defendant USA's Status Report dated 3/30/07

CYNTHIA G. YOUNG
Notary Public - State of Florida
My Commission Expires Apr 13, 2010
Commission # DD 540470
Bonded By National Notary Assn.

Stephen Jones, President of Plaintiff
NCLN20, Inc.

Subscribed and sworn to before me
this 9 day of January, 2008

Cynthia G. Young
Notary Public
My commission expires: 4-13-10