**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NCLN20, INC.,** | ) | |
| | ) | **No. 02-01282C** |
| **Plaintiff,** | ) | **JDG: Susan G. Braden** |
| **vs.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S <u>RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL</u>**

Now comes Plaintiff, by its undersigned attorney, and files its Sur-Reply to Defendant's Response to Plaintiff's Reply to Defendant's Motion for Partial Dismissal pursuant to a Stipulation of counsel for the parties formally filed 2/22/08. Plaintiff files its Sur-Reply Brief to rebut the arguments in Defendant's Response to Plaintiff's Reply to Defendant's Motion for Partial Dismissal and to point out the inaccuracies and deficiencies in Defendant's unverified factual assertions that:

1. ""NCLN20 has not properly submitted a claim to the Contracting Officer for the damages it seeks in claims three and four of NCLN20's amended complaint." Id. at page 2.

2. "NCLN20 has not certified and presented these claims [Mega Center Counts II and IV] to the Contracting Officer for resolution." Id. at page 2, note 2.

3. "NCLN20 has not produced a document evidencing the submission of a proper CDA claim for claims three and four." Id. at page 2.

4. "NCLN20 fails to explain how they [Plaintiff's 3rd and 4th claims] are not barred by the statute of limitations." Id. at page 3.

COUNTER-STATEMENT OF FACTS

This Court shall judicially notice by virtue of FRE 201(a)-(e) that:

On 9/21/07, Plaintiff submitted its First Amended Complaint, asserting therein its Third and Fourth claims for damages based upon breaches of the Mega Center Contract (Dkt #21). Id. at pages 35-45. ¶s 80 and 98 of these Counts incorporate by reference ¶s 53, 55 and 56, which read:

> **"53. On 8/31/05, as supplemented on 12/1/05, NCLN20 submitted certified (41 USC § 605(c)(1)) monetary claims for equitable adjustments, including anticipatory lost profits damages claims for bad faith and anticipatory breaches of contracts for $4,904,074.00 to CO Dobbs, together with a request for a final decision. (Genuine copies are annexed in Binder 3, Exhibit 3 and Binder 4, Exhibit 84."**
>
> * * *
>
> **"55. On 10/27/06, NCLN20, through its counsel, submitted to CO Dobbs and Doris White, a DCAA auditor, its Certified [41 USC §605(c)(1)], Restated, Supplemented and Amended Claims for Monetary Relief of $5,051,198.00 dated 10/26/06 ('Amended Monetary Claims'), together with a Request for Final Decision. (Genuine copies of said claims and request for final decision, with exhibits and schedules are annexed in Binder 3, Pages 1 through v & 1 through 26 and Binder 3, Exhibit 3A.)"**
>
> **"56. CO Dobbs, by Finding dated 4/13/07 and a final decision (Determination) dated 4/18/07, pursuant to the Contract Disputes Act of 1978 (41 USC § 601-613) converted his T4D dated 9/28/01 to a T4C (solely for the purpose of attempting to limit the USA's liability on NCLN20's monetary damages claims, ¶s 54, 56 above). Denying NCLN20's REA Monetary Claims and denying *sub silento* NCLN20's Amended Monetary Claims. (Binder 4, Exhibit 82 snf Ninfrt 4, Exhibit 83."**

Plaintiff's First Amended Complaint incorporated Binder 3 (including pages (i) through (v) and Exhibit 3A thereof and Binder 4, Exhibits 82, 83 and 84, by operation of RCFC 9(h)(3); 10(c). Attached to Plaintiff's First Amended Complaint is a List of Annexed Exhibits, including:

| "Binder #s | Exhibit #s | Description |
|---|---|---|
| | | * * * |
| 4 | 82 | CO Dobbs T4C Termination for Convenience Dated 4/18/07 |
| 4 | 83 | CO Dobbs Findings dated 4/13/07 |
| | | * * * |
| 3 | 3 | NCLN20 certified claim for monetary relief for $4,094,074.00 in form of Request for Equitable Adjustment dated 8/31/05 |
| 4 | 84 | NCLN20 supplemental claims of 12/1/05 for REA Dated 8/31/05 |
| 3 | Pgs 1-v and 1-26 | NCLN20 Certified Amended claim for monetary relief for $5,051,198.00 dated 10/26/06 |
| 3 | 3A | NCLN20 Request for Final Decision dated 10/26/06* |
| | | * * * |

* Binders 1, 2, 3 and 5 were served upon Arthur S. Dobbs, Contract Officer for U.S. Department of Homeland Security, on 10/27/06 with Plaintiff NCLN20's Certified, Restated, Supplemented and Amended Claims for Monetary Damages for Anticipatory Breaches of Contract & Request For Final Decision."

In Plaintiff's Response filed 1/11/08, ¶s 1, 3, 4, 5 and 6 and Brief, Counter-Statement of the Case at pages 6, 7 and Arguments pages 10-11, 15, 16, 17, 18 and 19 and Jones attached Affidavit, ¶s 1, 5, 6, 8, 10, 11, 12, 13, 14 and 17(o) through (q), in great detail and with specificity, NCLN20 identified its Mega Center certified claims submitted to CO Dobbs on 8/31/05, as supplemented on 12/1/05 and as restated, amended and supplemented on 10/27/06, together with requests for final decisions. Exhibits 3, 84 and Bind 3, pages (i) thru (v) and 1 thru 26 and 3A.

Defendant's counsel of record, Douglas K. Mickle, admitted and acknowledged that NCLN20 had submitted to CO Dobbs its Mega Center claims and their denial by CO Dobbs in the USA's: (1) Answer to NCLN20's 1st Amended Complaint, ¶s 3, 53, 55, 56, 57 and 69(b). E.g., ¶ 69(b), first two sentences reads:

**"69.(b) On 10/27/06, at the request of CO Dobbs, NCLN20's counsel submitted to the Defense Contract Audit Agency ('DCAA') its Amended Claims, together with its supporting and substantiation documentation (Binder 3, pages 1 through v & 1 through 26 and Binder 3, Exhibit 3A). CO Dobbs subsequently forwarded NCLN20's Amended Claims with its supporting materials to DCAA for inclusion in the DCAA audit."**

Compare Defendant's Answer to ¶ 69(b) which reads:

**"69. The allegations contained in paragraph 69(a) are conclusions of law, to which no response if required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the first two sentences of paragraph 69(b).**" See Dkt #72.

Furthermore, Defendant and Mickle further admitted that NCLN20 had timely and properly submitted its Mega Center claims for damages to CO Dobbs, which were denied by CO Dobbs on 4/18/07, as reflected in the USA's and Mickle's:

1) Status Report filed 4/24/07, with attached Final Decision of CO Dobbs dated 4/18/07, Dkt #67.

2) Status Reports filed 12/5/05 and 6/5/06, referenced in Jones Affidavit of 1/9/08, ¶s 17(m)-(r). See Dkt #s 55, 59, 60. Attached to Defendant's 12/5/05 Status Report as Appendices are NCLN20's 8/31/05 REA and NCLN20's Supplemental REA of 12/1/05.

By order filed 10/3/05, Judge Braden ordered that:

**"Pursuant to the court's order of August 19, 2005, the parties submitted briefs discussing the Court's jurisdiction in this case. In their briefs, the parties agreed that this Court, although possessing jurisdiction to issue declaratory relief, does not possess jurisdiction to award the Plaintiff damages because the Contract Disputes Act requires a final decision by a contracting officer on a claim as a prerequisite to jurisdiction. See 41 U.S.C. § 605(a) (2005); 41 U.S.C. §a)(3) (2005). On August 31, 2005, however, Plaintiff submitted a certified claim to the contracting officer seeking monetary relief in the form of an Request for Equitable Adjustment ("REA").** (Emphasis added).

**"At a teleconference on September 23, 2005, the parties indicated that the REA could have an affect upon the motions pending before the court. For that reason, the court orders this case stayed pending a final decision by the contracting officer on Plaintiff's REA. The Government is ordered to file a**

**status report with the Court on December 5, 2005, as to the status of the contracting officer's decision.**" (Emphasis added). Dkt #53

**"On October 3, 2007, the court ordered this case stayed pending a final decision by the contracting officer on Plaintiff's August 31, 2005 Request for Equitable Adjustment ('REA'). On April 24, 2007, the Government filed a status report stating that the contracting officer had reviewed Plaintiff's REA, and issued a Determinations and Findings regarding Plaintiff's claims on April 13, 2007. On April 18, 2007, a letter was sent to Plaintiff's counsel announcing the contracting officer's decision. Accordingly, the stay on this case is, hereby, lifted."** Order dated 5/9/07, Dkt #68

**PLAINTIFF'S SUR-REPLY BRIEF**

STATEMENT OF QUESTIONS INVOLVED

I) Whether Defendant intentionally omitted reference to and mis-described the Evidence that NCLN20 submitted to CO Dobbs and this Court and on which NCLN20 relied to support its Third and Fourth claims asserted in its First Amended Complaint?

II) Whether Defendant USA has affirmatively proven that NCLN20's Mega Center claims are barred by the applicable statute of limitations?

**ARGUMENT**

I) DEFENDANT HAS INTENTIONALLY OMITTED REFERENCE TO AND MIS-DESCRIBED THE EVIDENCE THAT NCLN20 SUBMITTED TO CO DOBBS AND THIS COURT AND ON WHICH NCLN20 RELIED TO SUPPORT ITS THIRD AND FOURTH CLAIMS ASSERTED IN ITS FIRST AMENDED COMPLAINT

In Defendant's Brief, 2 through 10, it asserts that "NCLN20 has failed to produce any evidence that it submitted a proper claim that would enable this Court to entertain claims Three and Four of its Amended Complaint", and further asserting that NCLN20 relied on "documents from the contract file" that do not "contain a proper CDA claim", namely Exhibits K, L, 3A, 6, 7, 53, 55 and 56, 57, 58, 82 and 83, 84, 86-89. Id. at pages 2 through 10. However, NCLN20 never purported to rely on Exhibits K, L, 6, 7, 53, 86, 87, 88, or support for its jurisdictional facts, as incorrectly stated in Defendant's Reply. NCLN20, in its Third and Fourth Claims, asserted and relied on in its First Amended Complaint, ¶s 53, 55, 56 (incorporated by reference in ¶s 80, 81 and 98) and ¶s 86, 87, 88, 96, 98, 100(d), (e) and Binder 3, Exhibit 3 and Binder 4, Exhibit 54 (¶53); Binder 3, pages (i) through (v) and 1 thru 26 and Binder 3, Exhibit 3A (¶55); Binder 4, Exhibit 82 and Binder 4, Exhibit 83 (¶56); Binder 4, Exh 89 (¶86); Binder 3, Exh 56 – 57 (¶87); Binder 3, pages (i)-(v) and 1-26 and Binder 3, Exh 3A (¶ 100(d), (e)), but did not purport to rely on Exhibits 6, 7, 53, 86, 87 and 88. However, Exh 3A (NCLN20's 10/26/06 Request for Final Decision), Exhs 55 thru 58 (NCLN20's Mega Center claims letters), Exhs 82 and 83 (CO Dobbs final decisions re NCLN20's REA, as amended); Exh 84

(NCLN20 REA Supplemented); Exh 88 (NCLN20's Mega Center claims letters); and Exhs K & L (NCLN20's experts calculation of its Mega Center damages claims), do partially evidence supporting documentation of NCLN20's Mega Center claims.

The exhibits described in NCLN20's First Amended Complaint, supra, clearly and irrefutably establish that NCLN20 submitted proper claims, that enable this Court to entertain its claims asserted in its Third and Fourth claims. See NCLN20's Response of 1/11/08, ¶s 1, 3, 4, 5, referring to NCLN20's REA of 8/31/05, as amended 12/1/05 and restated, amended and supplemented on 10/27/06 and denied by CO Dobbs on 4/18/07 and citing and relying on NCLN20's First Amended Complaint, supra; its certified claims and requests for final decision of 8/31/05, as supplemented 12/1/05 and as restated, amended and supplemented 10/27/06; Exh L, Schedule 12; Exh K, Schedule 11, Exhs 82, 83, 84 (Dkt #55—Status Report 12/5/05); Exhibit Binder II, Exh L; Exhibit Binder I, Exh K, L, N & O of which copies were filed with this Court on 9/27/07, Dkt #s 64, 71. In its Reply, the USA completely omitted references to NCLN20's Exhibits which evidence its submissions of the certified claims to CO Dobbs, together with NCLN20's Requests for Final Decision and CO Dobbs' final decision of 4/18/07. Also, see this Court's Orders of 10/3/05 and 5/9/07, quoted above and at page 17 of NCLN20's Response and Jones attached Affidavit, ¶7 (affirming NCLN20's proper submission of its Mega Center claims to CO Dobbs and CO Dobbs final decision thereon). Further, see NCLN20's Response, Counter-Statement of the Case, at pages 6-7.

## II) DEFENDANT USA HAS NOT AFFIRMATIVELY PROVEN THAT NCLN20'S MEGA CENTER CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Defendant repeats its prior argument *via* footnote, that NCLN20's Mega Center claims are barred by the six-year statute of limitations. As NCLN20 stated and described in its Response, pages 20-21, Defendant's argument is wholly specious. On 10/26/07, Defendant answered NCLN20's First Amended Complaint, asserted Affirmative Defenses, but omitted to assert any claim that NCLN20's Third and Fourth claims are barred by the six-year statute of limitations. See Dkt #72.

In ¶3, page 5 to Defendant's Motion to Dismiss, it argues that NCLN20's Mega Center claims are barred by the 6-year statute of limitations, claiming that NCLN20 never made a request for "nor did it obtain, a final decision by the CO," (referring to the E-mail of 1/30/02). Id. page 5 and footnote 3. If the putative decision of 1/30/02 is insufficient to satisfy the jurisdictional requirement of 41 USC § 605(a), *a fortiori*, it is also insufficient to trigger the statute of limitations. See Witherington Construction Corp. v U.S., 45 Fed Cl 209, 212 (1999). Since CO Dobbs didn't issue his final decision on NCLN20's REA, as supplemented, amended and restated, until 4/18/07, NCLN20 timely filed its First Amended Complaint on 9/21/07. See 41 USC § 609(a)(3). Accord. Pathman Const. Co. Inc. v U.S., 817 F.2d 1573, 1580 (Fed Cir 1987) (6-year statute of limitations under 28 USC § 2501 not applicable). Moreover, NCLN20 has alleged sufficient jurisdictional facts in ¶s 3, 4, 5(a), 52, 53, 55-57, 69(b) of its First Amended Complaint to affirmatively establish that its Mega Center claims were timely filed.[1] Dkt #71.

CONCLUSION AND RELIEF SOUGHT

Since NCLN20's jurisdictional allegations of its 1st Amended Complaint have been established by its irrefutable submission of documentary evidence and have been admitted by Defendant,[2] Defendant's Motion to Dismiss should be DENIED. Alternatively, assuming *arguendo* Defendant's Motion for Partial Dismissal is granted, NCLN20 should be granted leave to amend within the prescribed time. See Wheeler v U.S., 11 F.3d 156, 160 (Fed Cir 1993) (dismissal for lack of subject matter jurisdiction is without prejudice).

---

[1] In its Answer of 10/26/07, Defendant admitted these jurisdictional facts at ¶s 3, 5, 52-57, 69(b). Dkt #72.

[2] Adams v Tecj Cinub Co Alaska Inc., 414 F. Supp.2d 925 (D. Alaska 2006) (statements in answer are "judicial admissions")

For all of the foregoing reasons and those set forth in NCLN20's Response and Brief of 1/11/08, NCLN20 respectfully submits that this Court should DENY Defendant's Motion for Partial Dismissal.

Respectfully Submitted By,

s/ Clarence B. Tucker, Sr.

**CLARENCE B. TUCKER, SR. (P-40703)**
Attorney of Record for Plaintiff NCLN20, Inc.
Ford Building, 615 Griswold - Suite 1210
Detroit, MI 48226
(313) 230-7892
Fax: (313) 230-7896
**Email: ctucker@tuckerandhughespllc.com**

Dated: 3/17/2008

## CERTIFICATE OF SERVICE

I, Clarence B. Tucker, Sr., hereby certify that on the 17th day of March, 2008, I electronically filed **1.) Plaintiff, NCLN20, Inc.'s Sur Reply and Brief to Defendant's Reply to Plaintiff's Response to Motion for Partial Dismissal; and 2.) Certificate of Service** with the Clerk of the Court and with Attorney of Record, **Douglas K. Mickle, Esq.**, using the ECF system.

s/ Clarence B. Tucker, Sr.
**CLARENCE B. TUCKER, SR. (P-40703)**
615 Griswold - Suite 1210
Detroit, MI 48226
(313) 230-7892
Fax: (313) 230-7896
Email: ctucker@tuckerandhughespllc.com

# APPENDIX

| EXHIBIT | TITLE/DESCRIPTION |
|---|---|
| A | **Civil Docket for *NCLN20, Inc. vs. USA*, Case#: 02-01282** |

# EXHIBIT

# A

# US Court of Federal Claims
# United States Court of Federal Claims (COFC)
# CIVIL DOCKET FOR CASE #: 1:02-cv-01282-SGB

NCLN20, INC. v. USA
Assigned to: Judge Susan G. Braden
Demand: $0
Cause: 28:1491 Tucker Act

Date Filed: 09/30/2002
Nature of Suit: 114 Contract - Service (CDA)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**NCLN20, INC.**

represented by **Clarence B. Tucker, Sr.**
Tucker & Hughes, PC
615 Griswold
Suite 920
Detroit, MI 48226
(313) 230-7892
Fax: (313) 230-7896
Email: ctucker@tuckerandhughespllc.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cynthia S. Malyszek**
Malyszek & Malyszek
10100 Santa Monica Boulevard
Suite 800
Los Angeles, CA 90067
(310) 772-2266
Fax: 310-772-2265
Email: cyndi@2malyszek.com
*TERMINATED: 01/31/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA**

represented by **Douglas K. Mickle**
U. S. Department of Justice
Commercial Litigation Branch, Civil Div.
1100 L Street, NW
8th Floor
Washington, DC 20530
202-307-0383
Fax: 202-353-7988
Email: douglas.mickle@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheryl Lynn Floyd**

U. S. Department of Justice
Civil Div. - Commercial Litigation Branch
1100 L Street, NW
8th Floor
Washington, DC 20530
(202) 616-8278
Fax: (202) 514-8624
Email: sheryl.floyd@usdoj.gov
*TERMINATED: 07/22/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2002 | 1 | COMPLAINT, FILING FEE $150, RECEIPT #054976. Answer due on 11/29/02. (FE) (Entered: 09/30/2002) |
| 09/30/2002 | 2 | Notice of assignment to Judge Christine O. C. Miller. Copy to parties. (FE) (Entered: 09/30/2002) |
| 10/10/2002 | 3 | NOTICE of Attorney Appearance for USA by Sheryl Lynn Floyd Service :10/10/02 (HW) (Entered: 10/15/2002) |
| 11/20/2002 | 4 | MOTION by USA (Service: 11/20/02) to Extend Time to respond to the complaint (to January 10, 2003). (DS) (Entered: 11/21/2002) |
| 11/21/2002 | 5 | ORDER granting [4-1] motion to Extend Time to respond to the complaint. reset Answer deadline to 1/10/03 ( signed by the Clerk ) Copy to parties. (DS) (Entered: 11/21/2002) |
| 01/07/2003 | 6 | MOTION by USA (Service : 1/7/03 ) to Extend Time within which to respond to the complaint , (until January 31, 2003). (HW) (Entered: 01/10/2003) |
| 01/09/2003 | 7 | ORDER granting [6-1] motion to Extend Time within which to respond to the complaint Answer to complaint due 1/31/03 (signed by Judge Christine O. C. Miller). Copy to parties. (LTD) (Entered: 01/14/2003) |
| 01/31/2003 | 8 | ANSWER to Complaint by USA. Service: 1/31/03 (JPSR due 3/24/03 ) (HW) (Entered: 02/10/2003) |
| 03/21/2003 | 9 | MOTION for Leave to File facsimile copy of Plaintiff's counsel signature on the "JPSR" by The United States. Service: 3/21/03. Response due 4/7/2003. (lrd) (Entered: 03/25/2003) |
| 03/24/2003 | 10 | ORDER granting [9] Motion for Leave to File facsimile signature of the "JPSR". Signed by Judge Christine O.C. Miller. (lrd) (Entered: 03/27/2003) |
| 03/24/2003 | 11 | JOINT PRELIMINARY STATUS REPORT. (lrd) (Entered: 03/27/2003) |
| 03/25/2003 | 12 | SCHEDULING ORDER: Status Conference set for 7/10/2003 02:30 PM in National Courts Building before Judge Christine O.C. Miller.Signed by Judge Christine O.C. Miller. (dw1, ) (Entered: 03/28/2003) |
| 05/28/2003 | 13 | MOTION for Extension of Time to Respond to discovery requests, (until June 18, 2003), by NCLN20, INC..Service: 5/20/03. (dw1, ) (Entered: 06/05/2003) |
| 05/30/2003 | 14 | ORDER granting [13] Motion for Extension of Time to File Response to discovery requests. Response due by 6/18/2003. Signed by Judge Edward J. Damich. |

| | | |
|---|---|---|
| | | (dw1, ) (Entered: 06/05/2003) |
| 07/09/2003 | | Set/Reset Transcript Deadlines: Transcript due by 8/11/2003. (vp1, ) (Entered: 07/09/2003) |
| 07/10/2003 | 15 | STATUS CONFERENCE ORDER:A subsequent Status Conference shall be held on Friday, 12/5/2003 02:00 PM in National Courts Building before Judge Christine O.C. Miller. Counsel for pltf shall notify the court by November 24, 2003, if she wishes to participate by telephone conference call. Signed by Judge Christine O.C. Miller. (jcp, ) (Entered: 07/14/2003) |
| 07/22/2003 | 16 | NOTICE of Appearance by Douglas Kent Mickle for UNITED STATES. Service: 7/22/03.(jcp, ) (Entered: 07/23/2003) |
| 07/28/2003 | 17 | TRANSCRIPT of Proceedings held on July 10, 2003 before Judge Christine O.C. Miller. (dw1, ) (Entered: 07/28/2003) |
| 08/15/2003 | 18 | ORDER REASSIGNING CASE. Pursuant to Rule 40.1(c) of the RCFC, which permits the Chief Judge to reassign any case if necessary for the efficient administration of justice, the Clerk of the Court is directed to reassign the above captioned case to Judge Susan Braden. Judge Christine O. C. Miller no longer assigned to case. Signed by Judge Edward J. Damich. (jcp, ) (Entered: 08/15/2003) |
| 08/15/2003 | 19 | NOTICE of Reassignment to Judge Susan Braden. (jcp, ) (Entered: 08/15/2003) |
| 10/17/2003 | 20 | STATUS CONFERENCE ORDER:Telephonic Status Conference set for 12/5/2003 02:00 PM before Judge Susan G. Braden. Interrogatories may continue to be served until and including 11/4/03, to be answered on later than 12/4/03. If settlement does not appear likely, the parties will be prepared to provide the court with a list of potential deponents and additiional discovery required to prepare for trial. The court will also entertain a proposed date to conclude discovery, a date for a final pre-trial conference to be held in August 2004, and tentative dates for trial to be held in late September or October 2004. Signed by Judge Susan G. Braden. (jat, ) (Entered: 10/22/2003) |
| 11/18/2003 | | Minute Entry for proceedings held before Judge Susan G. Braden: Status Conference held on 10/16/2003. (jb1) (Entered: 11/18/2003) |
| 11/26/2003 | 21 | MOTION to Compel Discovery by USA.Service: 11/25/03. Response due by 12/12/2003 (jat, ) (Entered: 12/03/2003) |
| 12/04/2003 | | Set/Reset Transcript Deadlines: Transcript due by 12/5/2003. (vp1, ) (Entered: 12/04/2003) |
| 12/15/2003 | | Set/Reset Transcript Deadlines: Transcript due by 1/9/2004. (vp1, ) (Entered: 12/15/2003) |
| 12/15/2003 | 22 | SCHEDULING ORDER: The government agreed, at the court's request, to withdraw the motion to compel. Accordingly, the court hereby grants pltf leave to supplement its prior responses to dft's interrogatories and docuemnt requests until 1/30/2004. If the dft is still not satisfied with the response at that time, counse may refile the Motion to Compel without prejudice, no later than 2/17/2004. A Status Conference via telephone will be held 1/7/2004 03:00 PM before Judge Susan G. Braden. In addition, on 1/5/2004, pltf and dft are required to file a preliminary list of potential deponents with the court. Signed by Judge Susan G. Braden. (jcp, ) (Entered: 12/19/2003) |
| | | |

| | | |
|---|---|---|
| 01/07/2004 | | Minute Entry for proceedings held before Judge Susan G. Braden: Status Conference held on 12/9/03. (jb1) (Entered: 01/07/2004) |
| 01/08/2004 | 23 | MOTION for Leave to File Out of Time Dft's Preliminary List of Potential Deponents by USA.Service: 1/8/2004. Response due by 1/26/2004. (jcp, ) (Entered: 01/12/2004) |
| 01/08/2004 | 24 | TRANSCRIPT of Proceedings in One Volume held on 12/9/2003 before Judge Susan G. Braden. (jcp, ) (Entered: 01/12/2004) |
| 01/15/2004 | 25 | ORDER: The nex Status Conference via telephone will be held 2/25/2004 at 3 pm. A court reporter will transcribe the conference call. [23] Dft's Motion for Leave to File Out of Time Dft's Preliminary List of Potentional Deponents is hereby GRANTED. Signed by Judge Susan G. Braden. (jcp, ) (Entered: 01/21/2004) |
| 01/15/2004 | | Set/Reset Hearings: Status Conference set for 2/25/2004 03:00 PM before Judge Susan G. Braden. (jcp, ) (Entered: 01/21/2004) |
| 01/15/2004 | 26 | PRELIMINARY LIST of Potential Deponents by USA. Service: 1/8/2004.(jcp, ) (Entered: 01/21/2004) |
| 02/24/2004 | | Set/Reset Transcript Deadlines: Transcript due by 3/25/2004. (vp1, ) (Entered: 02/24/2004) |
| 02/26/2004 | | Minute Entry for proceedings held before Judge Susan G. Braden: Status Conference held on 2/25/04. (jb1) (Entered: 02/26/2004) |
| 02/27/2004 | 27 | MOTION for Leave to File Out of Time Plaintiffs' 1st Set of Interrogatories and Production of Documents by NCLN20, INC.Service: 11/26/2003. Response due by 3/15/2004 (lld, ) (Entered: 03/01/2004) |
| 02/27/2004 | 28 | ORDER granting [27] Motion for Leave to File Plaintiff's FIrst Set of Interrogatories and Production of Documents; Defendant's Motion to Compel, filed November 26, 2003 is dismissed without prejudice. The next status conference will be held March 25, 2004 at 1:00 p.m. to ascertain the progress of counsel in discovery and settlement talks. The parties shall submit a Joint Status Report on March 15, 2004. If there appears no likelihood of settlement, the parties will propose a briefing schedule, deadline for close of discovery, and dates for trial, prior to March 25, 2004 conference. Signed by Judge Susan G. Braden. (lld, ) (Entered: 03/01/2004) |
| 02/27/2004 | | Set/Reset Scheduling Order Deadlines: .Proposed briefing schedule, deadline for close of discovery, and dates for trial due by 3/25/2004. Joint Status Report due by 3/15/2004 Status Conference set for 3/25/2004 01:00 PM before Judge Susan G. Braden. (lld, ) (Entered: 03/01/2004) |
| 03/03/2004 | 29 | LIST OF PERSONS TO BE DEPOSED by NCLN20, INC. [FILED BY LEAVE OF THE JUDGE] Service: 1/5/2004.(jcp, ) (Entered: 03/05/2004) |
| 03/15/2004 | 30 | STATUS REPORT by USA. Service: 3/15/2004.(jcp, ) (Entered: 03/16/2004) |
| 03/23/2004 | 31 | STATUS REPORT ORDER This case is hereby stayed until 6/9/04. Joint Status Report due by 6/9/2004. The status call scheduled for 3/25/04 is cancelled. Signed by Judge Susan G. Braden. (jat, ) (Entered: 03/26/2004) |
| 03/26/2004 | 32 | TRANSCRIPT of Proceedings in One Volume held on 2/25/2004 before Judge Susan G. Braden. (jcp, ) (Entered: 03/30/2004) |
| 06/09/2004 | 33 | STATUS REPORT by USA. Service: 6/9/2004.(jcp, ) (Entered: 06/14/2004) |

| | | |
|---|---|---|
| 06/21/2004 | 34 | SCHEDULING ORDER:Defendant's dispositive motion due by 7/12/04; Plaintiff's response and cross-motion due by 8/16/04; Defendant's reply and response to cross-motion due by 8/30/04; Plaintiff's reply to cross-motion due by 9/13/04. Signed by Judge Susan G. Braden. (jat, ) (Entered: 06/24/2004) |
| 07/12/2004 | 35 | MOTION for Summary Judgment (together with a separate four volume appendix) by USA.Service: 7/12/2004. Response due by 8/12/2004 (hw1, ) (Entered: 07/13/2004) |
| 07/12/2004 | 36 | PROPOSED FINDINGS of Uncontroverted Fact by USA. Service: 7/12/2004. (hw1, ) (Entered: 07/13/2004) |
| 08/16/2004 | 37 | UNOPPOSED MOTION for Extension of Time to File Response to [35] Dft's MOTION for Summary Judgment, and [36] Dft's Proposed Findings of Uncontroverted Fact, until 9/15/2004, by NCLN20, INC.Service: 8/9/2004. Response due by 8/26/2004. (jcp, ) (Entered: 08/17/2004) |
| 08/19/2004 | 38 | ORDER granting [37] Pltf's Unoppposed Motion for Extension of Time. Pltf's Response to dft's motion (and cross motion, if filed) due by 9/15/2004. Dft's reply (and response to any cross motion filed) due by 10/15/2004. Pltf's Reply in support of any cross motions due by 10/29/2004. Signed by Judge Susan G. Braden. (jcp, ) (Entered: 08/20/2004) |
| 09/15/2004 | 39 | UNOPPOSED MOTION for Extension of Time to File Response to [35] Dft's MOTION for Summary Judgment, and [36] Dft's Proposed Findings of Uncontroverted Fact, until 9/27/2004, by NCLN20, INC. Service: 9/13/2004. Response due by 9/30/2004. (jcp, ) (Entered: 09/20/2004) |
| 09/15/2004 | 40 | ORDER granting [39] Pltf's Unopposed Motion for Extension of Time. 9/27/2004: Pltf's response to dft's motion (and cross motion, if filed). 10/27/2004: Dft's reply (and response to any cross motion filed). 11/10/2004: Pltf's reply in support of any cross motion. Signed by Judge Susan G. Braden. (jcp, ) (Entered: 09/20/2004) |
| 09/23/2004 | 41 | MOTION for Extension of Time to File Response as to [35] MOTION for Summary Judgment and defendant's Proposed Findings of Uncontroverted Fact,until 10/13/2004, by NCLN20, INC..Service: 09/22/2004. Response due by 10/12/2004 (lld, ) (Entered: 09/27/2004) |
| 09/27/2004 | 42 | ORDER granting [41] Pltf's Unopposed Motion for Extension of Time.Pltf's response to dft's motion (and cross motion, if filed): 10/13/2004. Dft's reply (and response to any cross motion filed): 11/13/2004. Pltf's Reply in support of any cross motion: 11/27/2004. Signed by Judge Susan G. Braden. (jcp, ) (Entered: 09/28/2004) |
| 10/19/2004 | 43 | RESPONSE to PROPOSED FINDINGS of Uncontroverted Fact by NCLN20, INC. filed by NCLN20, INC., filed by leave of the Judge. Service: 10/12/2004.(hw1, ) (Entered: 10/25/2004) |
| 10/19/2004 | 44 | RESPONSE (together with a separate two volume appendix) to [35] MOTION for Summary Judgment filed by NCLN20, INC. Filed by leave of the Judge. Reply due by 11/15/2004. Service: 10/19/2004.(hw1, ) (Entered: 10/25/2004) |
| 11/15/2004 | 45 | UNOPPOSED MOTION for Extension of Time to File Reply to [44] Pltf's Response to Dft's Motion for Summary Judgment, until 11/19/2004, by USA.Service: 11/15/2004. Response due by 12/2/2004. (jcp, ) (Entered: 11/17/2004) |

| | | |
|---|---|---|
| 11/17/2004 | 46 | ORDER granting [45] Motion for Extension of Time to File Reply to Response to Motion for Summary Judgment. Defendant's Reply due by 11/19/2004. Signed by Judge Susan G. Braden. (dw1) (Entered: 11/19/2004) |
| 11/18/2004 | 47 | REPLY to Pltf's Memorandum of Law in Opposition to [35] Dft's MOTION for Summary Judgment, Together with Separately Bound Supplemental Appendix Volume, filed by USA. Service: 11/18/2004.(jcp, ) (Entered: 11/19/2004) |
| 12/10/2004 | 48 | MOTION for Extension of Time to File Response/Reply as to [47] Reply to Response to Dispositive Motion,until January 20, 2005, by NCLN20, INC..Service: 12/2/2004. Response due by 12/27/2004 [BY LEAVE OF THE JUDGE] (lg1, ) Modified on 12/24/2004 (lg1, ). (Entered: 12/16/2004) |
| 02/10/2005 | 49 | MOTION for Extension of Time to File Response as to [47] Reply to Response to Dispositive Motion by NCLN20, INC.Service: 2/9/2005. Response due by 2/28/2005.(mb2, ) (Entered: 02/14/2005) |
| 08/19/2005 | 50 | SCHEDULING ORDER: Briefs on the Issue of the Court's Jurisdiction due by 9/1/2005. Status Conference set for 9/1/2005 at 4:00 PM before Judge Susan G. Braden. Signed by Judge Susan G. Braden. (mb2, ) (Entered: 08/23/2005) |
| 08/30/2005 | 51 | Brief Discussion the Court's Jurisdiction, filed by USA. Service: 8/30/2005.(mb2, ) (Entered: 08/31/2005) |
| 09/02/2005 | 52 | Brief in support of this Court's Jurisdiction to render judgment over this matter by NCLN20, INC. Service: 8/31/2005.(hw1, ) (Entered: 09/08/2005) |
| 09/29/2005 | | Set/Reset Transcript Deadlines: Transcript due by 10/24/2005. (vp1, ) (Entered: 09/29/2005) |
| 10/03/2005 | 53 | ORDER STAYING CASE: Status Report due by 12/5/2005. Signed by Judge Susan G. Braden. (mb2, ) (Entered: 10/04/2005) |
| 10/11/2005 | 54 | TRANSCRIPT of Proceedings held on September 23, 2005 before Judge Susan G. Braden. (dw1) (Entered: 10/13/2005) |
| 12/05/2005 | 55 | STATUS REPORT, filed by USA. Service: 12/5/2005.(mb2, ) (Entered: 12/08/2005) |
| 01/31/2006 | 56 | Consented MOTION to Substitute Attorney Clarence B. Tucker in place of Cynthia Malyszek , filed by NCLN20, INC. [FILED BY LEAVE OF THE JUDGE] Service: 1/25/2006. (mb2, ) (Entered: 02/01/2006) |
| 01/31/2006 | 57 | ORDER NOTICE granting re: [56] Motion to Substitute Attorney (Consented) pursuant to Rule 83.1(d)(4). Added attorney Clarence B. Tucker, Sr for NCLN20, INC. Attorney Cynthia S. Malyszek terminated. Entered by the Clerk. (mb2, ) (Entered: 02/01/2006) |
| 03/06/2006 | 58 | STATUS REPORT, filed by USA. Service: 3/6/2006.(mb2, ) (Entered: 03/08/2006) |
| 06/05/2006 | 59 | STATUS REPORT, filed by USA. Service: 6/5/2006.(mb2, ) (Entered: 06/08/2006) |
| 09/05/2006 | 60 | STATUS REPORT, filed by USA. Service: 9/5/06.(dls ) (Entered: 09/06/2006) |
| 12/01/2006 | 61 | STATUS REPORT, filed by USA. Service: 12/1/06.(dls ) (Entered: 12/04/2006) |
| 12/15/2006 | 62 | ORDER directing the Clerk to designate this case as an electronic (ECF) case. All future filings will be in electronic form. Signed by Judge Susan G. Braden. |

| | | |
|---|---|---|
| | | (mb2, ) (Entered: 12/15/2006) |
| 12/15/2006 | 63 | NOTICE of Designation of Electronic Case. (mb2, ) Additional attachment(s) added on 12/15/2006 (mb2, ). (Entered: 12/15/2006) |
| 12/19/2006 | 64 | RESPONSE to [61] Status Report *and Objections to Defendant's Status Report dated 12/1/06*, filed by NCLN20, INC.. (Attachments: # 1 Appendix # 2 Exhibit A - Certified, Restated, Supplemented & Amended Claims for Monetary Damages for Anticipatory Breaches of Contract #GS05PO1GCD0009 COVER PAGE and CERTIFICATION# 3 Exhibit B - Request for Final Decision & Certification of Service# 4 Exhibit C - Transmittal Letter to Arthur S. Dobbs dated 10/27/06# 5 Exhibit D - Transmittal Letter to Doris White dated 10/27/06)(Tucker, Clarence) (Entered: 12/19/2006) |
| 03/15/2007 | 65 | RESPONSE to *the Law Clerk's Email dated 3/5/07 Requiring an Update on the Status of the DCAA Audit and Response and Objections to Defendant USAs Email dated 3/17/07 RE: Status of DCAA Audit*, filed by NCLN20, INC.. (Attachments: # 1 Appendix # 2 Exhibit A - Matthew Spenglers, Law Clerk for Judge Braden, Email to Counsel dated 3/5/07# 3 Exhibit B - Clarence B. Tucker, Sr., Esq.s Letter to DCAA Auditor Doris White dated 2/27/07# 4 Exhibit C - Doris Whites, DCAAs Auditor, Email to Clarence B. Tucker, Sr., Esq. dated 2/16/07# 5 Exhibit D - Clarence B. Tucker, Sr., Esq.s Email to Doris White, DCAAs Auditor, dated 2/19/07# 6 Exhibit E - Clarence B. Tucker, Sr., Esq.s Email to Doris White, DCAAs Auditor, dated 3/8/07# 7 Exhibit F - DOJ Douglas Mickles Email to Matthew Spenglers, Clerk for Judge Braden, dated 3/7/07# 8 Exhibit G - Doris Whites, DCAAs Auditor, Email to Clarence B. Tucker, Sr., Esq. dated 3/9/07# 9 Exhibit H - Clarence B. Tucker, Sr., Esq.s Email to Doris White, DCAAs Auditor, dated 3/12/07)(Tucker, Clarence) (Entered: 03/15/2007) |
| 03/30/2007 | 66 | STATUS REPORT, filed by USA. (Mickle, Douglas) (Entered: 03/30/2007) |
| 04/24/2007 | 67 | STATUS REPORT, filed by USA. (Attachments: # 1 Exhibit Contracting Officer's decision letter# 2 Exhibit Contracting Officer's Determinations and Findings pages 1-4 of 9# 3 Exhibit Contracting Officer's Determinations and Findings pages 5-9 of 9# 4 Exhibit DCAA Final Audit Letter# 5 Exhibit DCAA Audit letter Exhibit 1# 6 Exhibit DCAA Audit letter Exhibit 2)(Mickle, Douglas) (Entered: 04/24/2007) |
| 05/09/2007 | 68 | ORDER LIFTING STAY, and scheduling a status conference on July 10, 2007 at 3:00 pm (EST). Signed by Judge Susan G. Braden. (ms1) Modified on 5/15/2007 to edit docket text. (Samler, Debbie). (Entered: 05/09/2007) |
| 05/09/2007 | | Set Hearing: Status Conference set for 7/10/2007 at 3:00 PM before Judge Susan G. Braden. (dls) (Entered: 05/15/2007) |
| 07/17/2007 | 69 | ****STRICKEN FROM THE RECORD PER ORDER OF JULY 19, 2007, 2007**** NOTICE, filed by NCLN20, INC. *of Attorneys Liens and Certificate of Service* (Tucker, Clarence) Modified on 7/20/2007 (Samler, Debbie). (Entered: 07/17/2007) |
| 07/19/2007 | 70 | ORDER re 69 Notice of Attorneys Liens filed by NCLN20, INC. Signed by Judge Susan G. Braden. (ms1) (Entered: 07/19/2007) |
| 09/27/2007 | 71 | First AMENDED COMPLAINT, together with 5 binders of exhibits, filed by NCLN20, INC. [by leave of the judge]. Service: 9/21/07.(dls) (Entered: 09/27/2007) |
| 10/26/2007 | 72 | ANSWER to [71] Amended Complaint, filed by USA.**JPSR due by 12/17/2007.** |

| | | |
|---|---|---|
| | | (Mickle, Douglas) (Entered: 10/26/2007) |
| 10/26/2007 | 73 | MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA.**Response due by 11/26/2007.** (Attachments: # 1 Affidavit Declaration of contracting officer Arthur Dobbs)(Mickle, Douglas) (Entered: 10/26/2007) |
| 11/21/2007 | 74 | STIPULATION re 73 MOTION to Dismiss pursuant to Rule 12(b)(1) *to Adjourn Plaintiff's Response to Defendant's Motion for Partial Dismissal*, filed by NCLN20, INC.. (Tucker, Clarence) (Entered: 11/21/2007) |
| 11/26/2007 | 75 | ORDER granting enlargement of time. Plaintiff's response to Motion to Dismiss due 1/11/08. Signed by Judge Susan G. Braden. (jw) (Entered: 11/26/2007) |

## PACER Service Center

### Transaction Receipt

| 01/09/2008 12:21:00 | | | |
|---|---|---|---|
| **PACER Login:** | ct0550 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:02-cv-01282-SGB |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |