**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NCLN20, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 02-1282C** |
| | ) | **(Judge Braden)** |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL ANSWER**
**TO PLAINTIFF'S AMENDED COMPLAINT**

For its supplemental answer[1] to counts three and four of plaintiff's amended complaint, defendant admits, denies, and alleges as follows:

**THIRD CLAIM FOR RELIEF**

80. Defendant incorporates by reference its responses to paragraphs 1 through 5 and 26 through 58 of NCLN20's amended complaint in its answer filed on October 26, 2008.

81. The allegations contained in paragraph 81 are characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

82. Denies the allegations contained in the first three sentences of paragraph 82(a) because NCLN20 did not submit a solicitation. Defendant avers that NCLN20 submitted an offer, which Mr. Dobbs accepted, and is attached to the complaint as alleged. Admits the allegation contained in fourth sentence of paragraph 82(a) that the approximate total of the Mega Center requirements contract was approximately $2.1 million, to the extent supported by the

---

[1] This supplemental answer only responds to counts three and four of plaintiff's amended complaint. Defendant previously answered counts one and two of plaintiff's amended complaint on October 26, 2007.

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 82(a) as conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in paragraphs 82(b) through 82(d) to the extent supported by the documents cited, which are the best evidence of its contents; otherwise denies the allegations contained in paragraphs 82(b) through 82(d).

82. Denies the allegations contained in paragraph 83. Defendant avers that NCLN20 was performing alarm monitoring and dispatch staffing pursuant to the Mega Center contract.

84. Admits the allegations contained in paragraph 84 to the extent the reference in paragraph 84 to a "Cost Proposal" means the same as "Price Adjustment Proposal," and to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84.

85. Admits the allegations contained in paragraph 85 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86. Defendant avers that the cited document, while titled a "Request For Equitable Adjustment," is not for costs incurred while performing additional work, but is more like a price adjustment proposal.

87. Admits the allegations contained in paragraph 87 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 87.

88. Defendant admits that Mr. Pinnau and Mr. Abercrombie had an e-mail dialogue on these dates but denies the allegations contained in paragraph 88 regarding NCLN20's alleged "underbilling" on the Mega Center contract for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. To the extent that the remaining allegations contained in paragraph 88 may be deemed allegations of fact, they are denied to the extent they are not supported by the e-mails cited, which are the best evidence of their contents.

89. Defendant incorporates by reference its responses to paragraphs 63 through 64 of NCLN20's amended complaint.

90. Defendant admits to the allegations set forth in paragraph 90 to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 90.

91. Defendant incorporates by reference its responses to paragraphs 61 through 62 and 65 through 68 of NCLN20's amended complaint

92. The allegations contained in paragraph 92 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Defendant further avers that there are no "paragraphs 65(m),(n), (o), & (p)" of NCLN20's amended complaint, contrary to NCLN20's assertions in paragraph 92(c).

93. The allegations contained in paragraph 93 conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 are confusing, but they appear to be conclusions of law, and characterizations of plaintiff's case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

97. Denies the allegations contained in paragraph 97(a) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in paragraph 97(b). The allegations contained in paragraph 97(c) are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Prayer for Monetary Relief and Demand for Judgment. Denies that NCLN20 is entitled to the relief sought in paragraphs A - D of NCLN20's Prayer for Monetary Relief and Demand for Judgment, which immediately follows paragraph 97 of NCLN20's amended complaint, and to any relief whatsoever.

**FOURTH CLAIM FOR RELIEF**

98. Defendant incorporates by reference its responses to paragraphs 80 through 93 of NCLN20's amended complaint.

99. The allegations contained in paragraph 99 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

103. Defendant incorporates by reference and reasserts its responses to paragraphs 96 and 97 of NCLN20's amended complaint.

Denies that plaintiff is entitled to the relief set forth in the prayer for judgment immediately following paragraph 103 of NCLN20's amended complaint or to any relief whatsoever.

104. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

105. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment upon its claims and has been fully compensated according to the terms and conditions of the contract.

106. Plaintiff’s claims are barred by the statute of limitations.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

JOEL MALKIN
General Services Administration
Office of Regional Counsel
Chicago, IL

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988
Attorneys for Defendant

DATED: June 16, 2008

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 16th, 2008, a copy of the foregoing **"DEFENDANT'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle